1  Kim D. Stephens, WSBA #11984
   James Bulthuis, WSBA #44089
2  TOUSLEY BRAIN STEPHENS, PLLC
   1700 7th Avenue, Suite 2200
3  Seattle, WA  98101
   (206) 682-5600
4

5

6              UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF WASHINGTON
7

   MARY ELLEN BOWERS, on behalf of          CASE NO:
8  herself and all others similarly situated,
                                            **CLASS ACTION COMPLAINT**
              Plaintiff,
9                                           **JURY TRIAL DEMANDED**
        v.
10
   BANNER BANK,
11
              Defendant.

12       Plaintiff, Mary Ellen Bowers, individually and on behalf of the class of

13 persons preliminarily defined below, makes the following allegations based upon

14 information and belief, except as to allegations specifically pertaining to Plaintiff,

   which are based on personal knowledge.
15

16                        **NATURE OF THE ACTION**

17       1.    Plaintiff brings this action on behalf of herself and a class of all

18 similarly situated consumers against Defendant Banner Bank ("Banner" or

   "Defendant") over the improper assessment and collection of two or more $30 fees
19

20 on a single item returned for insufficient funds in breach of Banner's contracts and

CLASS ACTION COMPLAINT - 1

1  its duty of good faith and fair dealing, and the Washington Consumer Protection

2  Act, RCW 19.86.010, et seq.

3      2.      Banner misleadingly and deceptively misrepresents each of the above

4  practices, including in its own account contracts. Banner also omits material facts

5  pertaining to each of the above practices, including in its account contracts.

6      3.      This is a civil action seeking monetary damages, restitution, and

7  declaratory and injunctive relief.

8      4.      As described herein, Defendant's practices violate Washington

9  statutory and common law, as well as the Defendant's own form contracts.

10      5.      Defendant's improper scheme to extract funds from account holders

11  has victimized Plaintiff and hundreds of other similarly situated consumers. Unless

12  enjoined, Defendant will continue to engage in these schemes and will continue to

13  cause substantial injury to its consumers.

14                              **PARTIES**

15      6.      Plaintiff is an individual and resident of Portland, Oregon.

16      7.      Defendant Banner Bank is headquartered in Walla Walla,

17  Washington, has over $14 billion in assets and maintains nearly 200 locations in

18  four states, including Washington.

19

20

CLASS ACTION COMPLAINT - 2

1

## JURISDICTION AND VENUE

2

8.     This Court has original jurisdiction of this action under the Class

3

Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this

4

Court has original jurisdiction because the aggregate claims of the putative class

5

members exceed $5 million, exclusive of interest and costs, and at least one of the

6

members of the proposed class is a citizen of a different state than the Defendant.

7

9.     Venue is proper in this district pursuant to 28 U.S.C. §1391 because

8

Defendant is subject to personal jurisdiction here and conducts business in

9

Washington and because a substantial part of the events or omission giving rise to

10

the claims asserted herein occurred in this district.

11

## BACKGROUND FACTS

12

## I. BANNER ASSESSES TWO OR MORE FEES ON THE SAME ITEM
13
## RETURNED FOR INSUFFICIENT FUNDS

14

10.     Plaintiff has a personal checking account with Banner, which is

15

governed by Banner's "Deposit Account Disclosures," attached as **Exhibit A** (the

16

"Account Agreement") and the "Personal Accounts Schedule of Fees," attached as

17

**Exhibit B** (the "Fee Schedule," together with the Account Agreement, the

18

"Account Documents").

19

11.     Plaintiff's checking account with Banner was at all relevant times

20

governed by Banner's Account Documents, which are standardized form contracts

CLASS ACTION COMPLAINT - 3

for deposit accounts, the material terms of which are drafted by Banner, amended by Banner from time to time at its convenience and complete discretion, and imposed by Banner on all of its deposit account customers.

12.     The Account Agreement allows Banner to take certain steps when an account holder attempts a transaction but does not have sufficient funds to cover it. Banner may (a) authorize the transaction and charge a single $30 Overdraft Fee; or (b) reject the item and charge a single $30 "Return Item" Fee ("RI Fee"). Ex. A. at 9.

13.     However, Banner assesses two or more fees on the same item returned for insufficient funds in violation of the Account Documents.

14.     Plaintiff does not dispute Banner's right to reject an item and charge a single Overdraft Fee or RI Fee, but Defendant unlawfully maximizes its already profitable fee assessment practices by charging multiple fees on the same item in violation of the express terms of its Account Documents.

15.     Unbeknownst to consumers, each time Defendant reprocesses an electronic payment transaction, ACH transaction, or check for payment after it was initially rejected for insufficient funds, Defendant chooses to treat it as a new and unique item that is subject to yet another fee. But Defendant's Account Documents never disclose that this counterintuitive and deceptive result could be possible and, in fact, promise the opposite.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

16.     The Account Documents indicate that only a *single* RI Fee or a *single* Overdraft Fee will be charged on an item, however many times an item is reprocessed with no request from the customer to do so.

17.     An electronic payment item reprocessed after an initial return for insufficient funds, especially through no action by the customer, cannot and does not fairly become a new, unique item for fee assessment purposes.

18.     This abusive practice is not universal in the financial services industry. Indeed, major banks like Chase—the largest consumer bank in the country—do not undertake the practice of charging more than one fee on the same item when it is reprocessed. Instead, Chase charges one fee even if an item is resubmitted for payment multiple times.

19.     Defendant's Account Documents never disclose its practice of charging multiple fees on the same item returned for insufficient funds. To the contrary, its Account Documents indicate it will only charge a single fee on an item.

**A. Plaintiff's Experience**

20.     Plaintiff offers several examples of fees that should not have been assessed against her checking account. As alleged below, Defendant: (a) reprocessed a previously declined item; and (b) charged a fee upon reprocessing.

CLASS ACTION COMPLAINT - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

21.    On or around April 12. 2019, a payment was attempted from Plaintiff's Banner account.

22.    Defendant rejected payment of that item due to insufficient funds in Plaintiff's account and on April 12, 2019, charged Plaintiff a $30 RI Fee for doing so. Plaintiff does not dispute this initial fee, as it is allowed by Defendant's Account Documents.

23.    Unbeknownst to Plaintiff and without her request to Defendant to reprocess the item, on April 15, 2019, Defendant processed the same item *two additional times*, rejecting the item each time due to insufficient funds and charging Plaintiff *another two* $30 RI Fee that same day on the same item.

*24.    In total, Banner charged Plaintiff $90 in RI Fees to process a single item.*

25.    On or around April 5, 2019, three separate payments were attempted from Plaintiff's Banner account.

26.    Defendant rejected each of these three items due to insufficient funds in Plaintiff's account and on April 5, 2019, charged Plaintiff three $30 RI Fees for doing so. Plaintiff does not dispute these initial fees, as they are allowed by Defendant's Account Documents.

27.    Unbeknownst to Plaintiff and without her request to Defendant to reprocess the item, on April 8, 2019, Defendant processed the same three items

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  again, and again rejected the items due to insufficient funds and charged Plaintiff
2  *another three* $30 RI Fees that same day.

3      *28.    In total, Banner charged Plaintiff $180 in RI Fees to process three*
4  *items.*

5      29.    On or around April 1, 2019, a payment was attempted from Plaintiff's
6  Banner account.

7      30.    Defendant rejected payment of that item due to insufficient funds in
8  Plaintiff's account and on April 1, 2019, charged Plaintiff a $30 RI Fee for doing
9  so. Plaintiff does not dispute this initial fee, as it is allowed by Defendant's Account
10  Documents.

11      31.    Unbeknownst to Plaintiff and without her request to Defendant to
12  reprocess the item, on April 4, 2019, Defendant processed the same item again, and
13  again rejected the item due to insufficient funds and charged Plaintiff *another* $30
14  RI Fee that same day.

15      *32.    In total, Banner charged Plaintiff $60 in RI Fees to process a single*
16  *item.*

17      33.    Banner also assessed multiple fees on the same item on or around
18  April 15, 2019, April 16, 2019, April 19, 2019, April 22, 2019, April 23, 2019 and
19  April 26, 2019.

20

CLASS ACTION COMPLAINT - 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

34.    *In April 2019 alone, Banner charged Plaintiff a total of $570 in RI Fees.*

35.    Plaintiff understood each of these payments to be a single item as is laid out in Defendant's Account Documents, capable at most of receiving a single RI Fee (if Defendant returned it) or a single Overdraft Fee (if Defendant paid it).

36.    The improper fees charged by Banner were not "errors" but rather were intentional charges made by Banner as part of its standard processing of transactions.

37.    Plaintiff therefore had no duty to report the fees as "errors" because they were not "errors," but were systematically and intentionally assessed fees according to Banner's standard practices.

38.    Moreover, any such reporting would have been futile as Defendant had made a decision to charge the fees in this specific manner to maximize profits at the expense of customers.

39.    Despite Plaintiff having no duty to do so, even when Plaintiff did complain to Defendant about the fees, Defendant made clear that it would do nothing to change its fee practices.

//

//

//

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

**B. The Imposition of Two or More Fees on a Single Item Returned for Insufficient Funds Violates Banner's Express Promises and Representations.**

3

4

5

6

40.    The Account Documents provide the general terms of Plaintiff's relationships with Defendant, and therein Defendant makes explicit promises and representations regarding how transactions will be processed, as well as when fees may be assessed.

7

8

9

10

11

41.    The Account Agreement states that "If a check, item or transaction (other than an ATM or everyday debit card transaction) is presented when the available balance is not sufficient in your account at the end of the day to pay it, we may, at our discretion, pay the item (creating an overdraft) or return the item for insufficient funds (NSF)." Ex. A at 9

12

13

14

42.    The Fee Schedule states:

> Overdraft or Returned Item
> (per item, based on available balance) . . . $30.00

Ex. B at 1 (asterisk omitted).

15

16

17

18

43.    The words "check," "item," and "transaction" are used in their singular forms, indicating that no more than a single fee may be assessed on the same item.

19

20

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

44.     An item is the same item no matter how many times it is re-presented by a merchant. Indeed, more than one fee is impossible for items paid into overdraft, which can only possibly be paid one time.

45.     In short, these types of transactions and fees covered by the Account Documents can only occur once, and there is no warning that a certain type of transaction or fee can happen more than once.

46.     The same item on an account cannot conceivably become a new one each time it is rejected for payment then reprocessed, especially when—as here—Plaintiff took no action to resubmit them.

47.     There is zero indication anywhere in the Account Documents that the same item is eligible to incur multiple fees.

48.     Even if Banner reprocesses an instruction for payment, it is still the same item. Its reprocessing is simply another attempt to effectuate an account holder's original order or instruction.

49.     Reasonable consumers understand any given authorization for payment to be one, singular "item," as that term is used in the Account Documents.

50.     Taken together, the representations and omissions identified above convey to Banner members that all submissions for payment of the same item will be treated as the same item, which Banner will either authorize (resulting in a single Overdraft Fee on the item) or reject (resulting in a single RI Fee on the item).

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Furthermore, Banner members never agree to allow Banner to treat each reprocessing of a check or electronic transaction as a separate item, subject to additional fees.

51.     Banner members reasonably understand, based on the language of the Account Documents, that Banner's reprocessing of an item is simply an additional attempt to complete the original order or instruction for payment and as such will not trigger additional fees. In other words, the item is always the same item no matter how many times it is reprocessed.

52.     Banks and credit unions like Banner that employ this abusive practice know how to plainly and clearly promise to consumers that they will assess multiple fees on the same item.

53.     Parkside Credit Union in Westland, Oregon, states:

> If the Credit Union returns the item, you will be assessed an NSF Fee. Note that the Credit Union has no control over how many times an intended payee may resubmit the same check or other item to us for payment. In the event the same check or other item is presented for payment on more than one occasion, **your account will be subject to an additional charge** on each occasion that the item is presented for payment.

*Membership and Account Agreement*, Parkside Credit Union 21 (Jan. 30, 2020), https://cutt.ly/XySm9IY (emphasis added).

54.     First Citizens Bank, a major institution in the Carolinas, engages in the same abusive practice as Banner, but at least expressly states:

CLASS ACTION COMPLAINT - 11

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

Because **we may charge a service fee for an NSF item each time it is presented, we may charge you more than one service fee for any given item**. All fees are charged during evening posting. When we charge a fee for NSF items, the charge reduces the available balance in your account and may put your account into (or further into) overdraft.

*First Citizens Bank Deposit Account Agreement*, First Citizens Bank, https://cutt.ly/sySEfL9 (last accessed June 29, 2020) (emphasis added).

5

6

7

55.     First Hawaiian Bank engages in the same abusive practices as Banner, but its customers agree to those practices:

8

9

YOU AGREE THAT MULTIPLE ATTEMPTS MAY BE MADE TO SUBMIT A RETURNED ITEM FOR PAYMENT AND THAT **MULTIPLE FEES MAY BE CHARGED TO YOU AS A RESULT OF A RETURNED ITEM AND RESUBMISSION**.

10

11

*Terms and Conditions of FHB Online Services*, First Hawaiian Bank 40, https://cutt.ly/7ySnDON (last accessed June 29, 2020) (emphasis added).

12

13

56.     Consumers Credit Union in Kalamazoo, Michigan, states in its member services guide:

14

15

16

17

Consequently, because we may charge a service fee for an NSF item each time it is presented, we may charge you more than one service fee for any given item. Therefore, multiple fees may be charged to you as a result of a returned item and resubmission regardless of the number of times an item is submitted or resubmitted to us for payment, and regardless of whether we pay the item or return, reverse, or decline to pay the item.

18

19

*Member Services Guide*, Consumers Credit Union 29 (Nov. 2019), https://cutt.ly/iySmfs2.

20

CLASS ACTION COMPLAINT - 12

57.     First Financial Bank in Ohio, aware of the commonsense meaning of "item," clarifies the meaning of that term to its accountholders:

> Merchants or payees may present an item multiple times for payment if the initial or subsequent presentment is rejected due to insufficient funds or other reason (representment). Each presentment is considered an item and will be charged accordingly.

*Special Handling/Electronic Banking Disclosures of Charges*, First Financial Bank 2 (Dec. 2019), https://cutt.ly/sySnHdz.

58.     Central Pacific Bank, a leading bank in Hawai'i, states in its fee schedule under the "MULTIPLE NSF FEES" subsection:

> Items and transactions (such as, for example, checks and electronic transactions/payments) returned unpaid due to insufficient/non-sufficient ("NSF") funds in your account, may be resubmitted one or more times for payment, and a $32 fee will be imposed on you each time an item and transaction resubmitted for payment is returned due to insufficient/nonsufficient funds.

*Miscellaneous Fee Schedule*, Central Pacific Bank 1 (Oct. 24, 2019), https://cutt.ly/RySnLTS.

59.     Banner makes no such agreement with its members in the Account Documents, and therefore breaches its Account Documents when it assesses multiple fees on the same item returned for insufficient funds.

## II.     THE IMPOSITION OF THESE IMPROPER FEES BREACHES BANNER'S DUTY OF GOOD FAITH AND FAIR DEALING

60.     Parties to a contract are required not only to adhere to the express conditions of the contract but also to act in good faith when they are invested with

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

a discretionary power over the other party. This creates an implied duty to act in accordance with account holders' reasonable expectations and means that the bank or credit union is prohibited from exercising its discretion to enrich itself and gouge its customers. Indeed, the bank or credit union has a duty to honor transaction requests in a way that is fair to its customers and is prohibited from exercising its discretion to pile on even greater penalties on its account holders.

61.    Here—in the adhesion agreements Banner foisted on Plaintiff and its other customers—Banner has provided itself numerous discretionary powers affecting customers' accounts. But instead of exercising that discretion in good faith and consistent with consumers' reasonable expectations, Banner abuses that discretion to take money out of consumers' accounts without their permission and contrary to their reasonable expectations that they will only be charged one RI Fee or one Overdraft Fee.

62.    Banner abuses its discretion in its own favor—and to the prejudice of Plaintiff and its other customers—when it assesses fees in this manner. By always assessing these fees to the prejudice of Plaintiff and other customers, Banner breaches their reasonable expectations and, in doing so, violates its duty to act in good faith. This is a breach of Banner's implied covenant to engage in fair dealing and to act in good faith.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

63.    It was bad faith and totally outside Plaintiff's reasonable expectations for Banner to use its discretion in this way.

64.    When Banner charges improper fees in this way, Banner uses its discretion to interpret the meaning of key terms such as "sufficient funds," "available balance," "account balance," and "item" (none of which are actually defined in the Account Documents) in an unreasonable way that violates common sense and reasonable consumers' expectations. Banner uses its contractual discretion to set the meaning of those terms to choose a meaning that directly causes more fees.

## CLASS ACTION ALLEGATIONS

65.    <u>Description of the Class</u>: Plaintiff brings this class action on behalf of herself and the Class of persons defined as follows:

> All Banner Bank accountholders who, during the applicable statute of limitations, were assessed an Overdraft Fee or a Return Item Fee on an item that had previously been assessed a Return Item Fee ("Multiple Fee Class" or the "Class").

66.    Excluded from the Class are Defendant's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the Class are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

67. The time period for the Class is the number of years immediately preceding the date on which this Complaint was filed as allowed by the applicable statute of limitations, going forward into the future until such time as Banner remedies the conduct complained of herein.

68. <u>Numerosity</u>: The members of the proposed Class are so numerous that individual joinder of all members is impracticable. The exact number and identities of the members of the proposed Class are unknown at this time and can be ascertained only through appropriate discovery. Plaintiff estimates the number of members in the Class to be in the thousands.

69. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of law and fact include:

a. whether Banner imposed more than one fee on the same item returned for insufficient funds;

b. whether Banner violated the terms of its contract through its fee practices as alleged herein;

c. whether Banner violated its duty of good faith and fair dealing with Plaintiff and other members of the proposed Class by engaging in the fee practices alleged herein;

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    d.  Whether Banner violated the Washington Consumer Protection

2    Act, RCW 19.86.010 *et seq*.;

3    e.  the proper method or methods by which to measure damages;

4    and

5    f.  the declaratory and injunctive relief to which Class members

6    are entitled.

7    70.    Typicality: Plaintiff's claims are typical of the claims of the members

8    of the Class. Plaintiff and all members of the Class have been similarly affected by

9    Banner's actions.

10    71.    Adequacy of Representation: Plaintiff will fairly and adequately

11    represent and protect the interests of the Class. Plaintiff has retained counsel with

12    substantial experience in prosecuting complex and consumer class action litigation.

13    Plaintiff and her counsel are committed to vigorously prosecuting this action on

14    behalf of the Class and have the financial resources to do so.

15    72.    Superiority of Class Action: Plaintiff and the members of the Class

16    suffered, and will continue to suffer, harm as a result of Defendant's unlawful and

17    wrongful conduct. A class action is superior to other available methods for the fair

18    and efficient adjudication of the present controversy. Individual joinder of all

19    members of the Class is impractical. Even if individual Class members had the

20    resources to pursue individual litigation, it would be unduly burdensome to the

CLASS ACTION COMPLAINT - 17

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class members.

73.    Risk of Inconsistent or Varying Adjudication: Class action treatment is proper, and this action should be maintained as a class action because the risks of separate actions by individual members of the Class would create a risk of: (a) inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for the Banner as the parties opposing the Class; and/or (b) adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of other Class members not party to the adjudication or would substantially impair or impede their ability to protect their interests.

74.    Action Generally Applicable to Each Class as a Whole: Banner, as the party opposing the Class, has acted or refused to act on grounds generally

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  applicable to the Class, thereby making appropriate final injunctive relief or

2  corresponding declaratory relief with respect to each Class as a whole.

3  ## FIRST CLAIM FOR RELIEF

4  ## Breach of Contract, Including Breach of the Covenant of Good Faith and Fair Dealing

5  ## (On Behalf of Plaintiff and the Multiple Fee Class)

6  75.    Plaintiff realleges and incorporates by reference all the foregoing

7  allegations as if they were fully set forth herein.

8  76.    All contracts entered by Plaintiff and the Multiple Fee Class are

9  identical or substantively identical because Banner's form contracts were used

10  uniformly.

11  77.    Plaintiff and members of the Multiple Fee Class have performed all,

12  or substantially all, of the obligations imposed on them under the contract.

13  78.    Banner has breached the express terms of its own agreements as

14  described herein.

15  79.    Banner abused the discretion it granted to itself when it charged

16  multiple fees on the same item returned for insufficient funds.

17  80.    Banner also abused the discretion it granted to itself by defining key

18  terms in a manner that is contrary to reasonable account holders' expectations.

19  81.    In these and other ways, Banner violated its duty of good faith and fair

20  dealing.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

82.    Banner willfully engaged in the foregoing conduct for the purpose of (1) gaining unwarranted contractual and legal advantages; and (2) unfairly and unconscionably maximizing fee revenue from Plaintiff and other members of the Multiple Fee Class.

83.    Plaintiff and members of the Multiple Fee Class have sustained damages as a result of Banner's breaches of contract, including breaches of contract through violations of the covenant of good faith and fair dealing.

84.    Plaintiff and the members of the Multiple Fee Class are entitled to declaratory and injunctive relief to prevent Banner from continuing to engage in the foregoing conduct.

## SECOND CLAIM FOR RELIEF
### Violations of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.*
**(On Behalf of Plaintiff and the Multiple Fee Class)**

85.    Plaintiff incorporates by reference the preceding paragraphs.

86.    Washington's Consumer Protection Act, RCW Ch. 19.86 ("CPA"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

87.    To achieve that goal, the CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." RCW 19.86.020.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

88.    Plaintiff and members of the Class are "persons" as defined in RCW 19.86.010(1).

89.    Defendant Banner is a "person" as defined in RCW 19.86.010(1).

90.    As alleged herein, Banner's routine policies and practices of improperly charging multiple fees violates the CPA because it is unfair and deceptive.

91.    Banner's policies and practices are deceptive and unfair because Banner misleadingly and actively omits material facts and deceptively misrepresents the above practices, including in its own account documents.

92.    Banner's conduct was deceptive. By failing to honestly disclose its true fee practices and policies to consumers, Banner made affirmative misrepresentations and omissions of material fact, and thus, engaged in deceptive acts or practices.

93.    Banner conduct was also unfair. Banner's improper fee practices was and is likely to cause substantial injury to consumers in the form of improper fees. Consumers could not reasonably avoid these fees which were not outweighed by countervailing benefit.

94.    Had Plaintiff and members of the Class been aware that they were going to be charged fees in the manner Banner assessed them, Plaintiff and

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    members of the Class would not have entered into such transactions and would not

2    have incurred such fees.

3        95.    As a direct and proximate result of Banner's unfair and deceptive acts

4    and practices in violation of the CPA, Plaintiff and members of the Class have

5    incurred more fees than they should have, and have suffered injury to their business

6    or property in the form of monetary damages for which Banner is liable.

7        96.    Banner's unfair and deceptive acts and practices occur in trade or

8    business and have had, and to continue to have, the capacity to deceive a substantial

9    portion of the public. Banner's common courses of unfair and deceptive acts and

10   practices impact the public interest because Banner provides financial services to

11   thousands of consumers in the State of Washington, who are affected by Banner's

12   unfair and deceptive acts and practices.

13       97.    Plaintiff and members of the Class seek actual damages plus interest

14   on damages at the legal rate, as well as all other just and proper relief afforded by

15   the CPA. As redress for Banner's repeated and ongoing violations, Plaintiff and

16   members of the Class are entitled to, *inter alia*, actual damages, treble damages,

17   attorney's fees, and injunctive relief.

18                           **PRAYER FOR RELIEF**

19       WHEREFORE, Plaintiff on her own behalf and on behalf of the Class

20   respectfully request that the Court:

CLASS ACTION COMPLAINT - 22

1      (a)    Certify this case as a class action, designating Plaintiff as class

2               representative and designating the undersigned as Class Counsel;

3      (b)    Award Plaintiff and the Class actual and statutory damages in an

4               amount to be proven at trial;

5      (c)    Award Plaintiff and the Class restitution in an amount to be proven at

6               trial;

7      (d)    Award Plaintiff and the Class pre-judgment interest in the amount

8               permitted by law;

9      (e)    Award Plaintiff and the Class attorneys' fees and costs as permitted

10             by law;

11     (f)    Declare Banner's practices outlined herein to be unlawful and a breach

12 of contract;

13     (g)    Enjoin Banner from engaging in the practices outlined herein;

14     (h)    Grant Plaintiff and the Class a trial by jury;

15     (i)    Grant leave to amend these pleadings to conform to evidence

16 produced at trial; and

17     (j)    Grant such other relief as the Court deems just and proper.

18                        **JURY DEMAND**

19    Plaintiff demands trial by jury.

20 //

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    DATED this 28th day of August, 2020.

2

3                                    TOUSLEY BRAIN STEPHENS PLLC

4                                    By: _s/ Kim D. Stephens_____
                                          Kim D. Stephens, P.S., WSBA #11984

5                                    By: _s/ James Bulthuis_____
                                          James Bulthuis, WSBA #44089

6

7                                    1700 Seventh Avenue, Suite 2200
                                     Seattle, Washington  98101
                                     Telephone:  206.682.5600/Fax: 206.682.2992

8                                    Email:    kstephens@tousley.com
                                               jbulthuis@tousley.com

9

10                                   Lynn A. Toops (*pro hac vice application
                                     forthcoming*)
                                     COHEN & MALAD, LLP

11                                   One Indiana Square
                                     Suite 1400

12                                   Indianapolis, IN 46204
                                     Telephone: 317-636-6481

13                                   Facsimile: 317-636-2593
                                     Email:    ltoops@cohenandmalad.com

14

15                                   J. Gerard Stranch, IV (*pro hac vice
                                     application forthcoming*)

16                                   Martin F. Schubert (*pro hac vice application
                                     forthcoming*)
                                     BRANSTETTER, STRANCH

17                                   & JENNINGS, PLLC
                                     223 Rosa L. Parks Avenue, Suite 200

18                                   Nashville, Tennessee 37203
                                     Telephone: (615) 254-8801

19                                   Facsimile: (615) 255-5419
                                     Email:    gerards@bsjfirm.com

20                                             martys@bsjfirm.com

CLASS ACTION COMPLAINT - 24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Christopher D. Jennings (*pro hac vice*
*application forthcoming*)
THE JOHNSON FIRM
610 President Clinton Ave Suite 300
Little Rock, AR 72201
Phone: (501) 372-1300
Email:    chris@yourattorney.com

***Attorneys for Plaintiff and the Putative Class***

4838-2636-9481, v. 1

CLASS ACTION COMPLAINT - 25