1
2
3
4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERRICKA GONZALEZ, and DEANNA DELONEY, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>BANNER BANK,<br><br>      Defendant. | NO. 4:20-CV-5151-TOR<br><br>ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR ATTORNEYS' FEES AND SERVICE AWARDS |

  BEFORE THE COURT are Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and for Representative Plaintiff Service Award (ECF No. 45) and Plaintiffs' Unopposed Joint Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class (ECF No. 47). These matters were submitted for consideration with oral argument on February 10, 2022, for the purpose of determining the fairness of the proposed terms of the class action settlement and the requested fees and costs. Jeffrey D. Kaliel and Kim D. Stephens

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 1

1  appeared on behalf of Plaintiffs.  Fred B. Burnside appeared on behalf of

2  Defendant.  The Court has reviewed the record and files herein, and is fully

3  informed.  For the reasons discussed below, Plaintiffs' Motion for an Award of

4  Attorneys' Fees and Expenses and for Representative Plaintiff Service Award

5  (ECF No. 45) is granted and Plaintiffs' Unopposed Joint Motion for Final

6  Approval of Class Action Settlement and Certification of the Settlement Class

7  (ECF No. 47) is granted.

8  **BACKGROUND**

9  This class action concerns Banner Bank's charging practices and related

10  disclosures regarding Retry insufficient fund ("NSF") and overdraft ("OD") fees.

11  ECF No. 12.  On November 25, 2020, Plaintiffs on behalf of themselves and all

12  others similarly situated filed a second amended class action complaint, claiming

13  breach of contract and breach of the covenant of good faith and fair dealing.  ECF

14  No. 12 at 22-24, ¶¶ 96-106.  On April 6, 2021, the Court granted a stipulated

15  motion to stay the case pending settlement negotiations, struck Defendant's

16  pending motion to dismiss, and dismissed Plaintiff Mary Ellen Bowers without

17  prejudice.  ECF No. 24.

18  On September 2, 2021, the Court issued a preliminary approval of the parties

19  proposed class settlement, appointed class counsel, directed class notice, and set a

20  date for the final approval hearing.  ECF No. 38.

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 2

Following oral argument, the present motions are before the Court.

## DISCUSSION

### I.     Final Approval of Class Action Settlement

Approval of a proposed class action settlement is governed by Federal Rule of Civil Procedure 23(e).  Rule 23 was amended in 2018 to address issues related to settlement, and to take account of issues that have emerged since the rule was last amended in 2003.  *See* Fed. R. Civ. P. 23, Committee Notes on Rules—2018 Amendment.  Particularly relevant here, the 2018 amendment to Rule 23(e) establishes core factors district courts must consider when evaluating a request to approve a proposed settlement.  As amended, Rule 23(e) now provides that the Court may approve a class action settlement "only after a hearing and only on a finding that it is fair, reasonable, and adequate after considering whether":

1.   the class representatives and class counsel have adequately represented the class;
2.   the proposal was negotiated at arm's length;
3.   the relief provided for the class is adequate, taking into account:
     (i)    the costs, risks, and delay of trial and appeal;
     (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
     (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and
     (iv)   any agreement required to be identified under Rule 23(e)(3); and
4.   the proposal treats class members equitably relative to each other.

1   Fed. R. Civ. P. 23(e)(2).

2       Under Rule 23(e), both its prior version and as amended, fairness,

3   reasonableness, and adequacy are the touchstones for approval of a class-action

4   settlement.  Over the years, courts have generated lists of factors to analyze

5   whether a proposed settlement meets these requirements.  In the Ninth Circuit, for

6   example, courts consider the eight *Churchill* factors when assessing the fairness of

7   a post-certification settlement.[1] *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963

8   (9th Cir. 2009) (citation omitted); *Churchill Vill., L.L.C., v. Gen. Elec.*, 361 F.3d

9   566, 575 (9th Cir. 2004)).  The purpose of the amendment to Rule 23(e)(2) is

10

---

11      [1]     The *Churchill* factors include: (1) the strength of the plaintiffs' case; (2) the

12  risk, expense, complexity, and likely duration of further litigation; (3) the risk of

13  maintaining class action status throughout the trial; (4) the amount offered in

14  settlement; (5) the extent of discovery completed, and the stage of the proceedings;

15  (6) the experience and views of counsel; (7) the presence of a governmental

16  participant; and (8) the reaction of the class members of the proposed settlement.

17  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (citation

18  omitted); *Churchill Vill., L.L.C., v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

19  Additionally, "the settlement may not be the product of collusion among the

20  negotiating parties." *Churchill*, 361 F.3d at 576.

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 4

1   establish a consistent set of approval factors to be applied uniformly in every

2   circuit, without displacing the various lists of additional approval factors the circuit

3   courts have created over the past several decades.  As the Advisory Committee

4   Notes explain, "[t]he goal of this amendment is not to displace any factor, but

5   rather to focus the court and the lawyers on the core concerns of procedure and

6   substance that should guide the decision whether to approve the proposal."  Fed. R.

7   Civ. P. 23, Committee Notes on Rules—2018 Amendment, Subdivision (e)(2); *see*

8   *also McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 609 n.4 (9th Cir. 2021) ("The

9   amended Rule 23(e) did not 'displace' this court's previous articulation of the

10  relevant factors, and it is still appropriate for district courts to consider these

11  factors in their holistic assessment of settlement fairness.").

12       For reasons discussed below, the Court concludes that the Settlement

13  Agreement satisfies the requirements of Rule 23(e)(2).

14  ### A.   Adequate Representation

15       First, the Court finds that Class Counsel and the Class Representatives, Ms.

16  Gonzalez and Ms. Deloney, adequately represented the Class.  The parties, through

17  counsel, engaged in informal discovery and utilized an experienced mediator who

18  helped the parties reach an agreement in principle on the first day.  ECF No. 45 at

19  5-6.  Class Counsel, based on experience investigating similar bank fee litigation,

20  requested and received specific data analysis to assist determining the appropriate

1    calculation of damages. *Id.* at 5.  Accordingly, the Court finds that Class Counsel

2    and the Class Representatives were diligent in their representation of the Class.

3    **B.   Arm's Length Negotiations**

4    Regarding the negotiation process, the Court finds the Settlement Agreement

5    is the result of an adversarial, non-collusive, and arm's-length negotiation.  On

6    June 23, 2021, the parties engaged in mediation with Magistrate Judge Diane

7    Welsh (Ret.), a highly experienced mediator.  ECF No. 48 at 11, ¶ 19.  A

8    settlement was reached that same day.  ECF No. 45 at 6.  Because the Settlement

9    Agreement was achieved under the supervision of a trusted third-party mediator

10   following settlement negotiations, the Court is assured the negotiations were

11   conducted at arm's length and without collusion among the parties.  Accordingly,

12   the Court finds no signs of conflicts of interest, collusion, or bad faith in the

13   parties' settlement negotiation process.

14   **C.   Adequate Relief**

15   The Court concludes that the relief provided for the Class is adequate.  First,

16   the amount offered in settlement of the claims and the proposed payment to each

17   Class Member appears fair.  The Settlement Agreement requires Defendant pay

18   $1,000,000 into a Settlement Fund, separately pay all costs of notice and

19   administration of the Settlement at an estimated value of $77,000, and change its

20   disclosures that are at issue in this case.  ECF Nos. 36-1 at 6, ¶¶ 1(x), at 9 ¶

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 6

8(d)(iii); 48 at 9, ¶ 10.  Each Class Member will receive their pro rata share based on the total number of Retry NSF/Overdraft fees that the Class Member paid.  ECF Nos. 36-1 at 9, ¶ 8(d)(iv); 47 at 4.  Although the award amount is lower than what class members may have been able to obtain had the case proceeded to trial (settlement represents approximately 46% of total estimated actual damages), the reduced award reflects the avoidance of complex and expensive litigation, the risks posed by a pending motion to dismiss, and numerous other hurdles in order for the Class to recover at trial.  ECF No. 48 at 9-10, ¶¶ 11-13.  Consequently, the Court concludes that the settlement amount is fair and reasonable.

The Court also finds the expected relief for Class Members adequate considering the four factors listed in Rule 23(e)(2)(C).  As noted, amended Rule 23(e)(2)(C) identifies four discrete subtopics that courts should always consider when assessing the adequacy of relief provided for a class.  The Court discusses each subtopic below.

### 1.  Costs, risks, and delay of trial and appeal

The settlement of this case is taking place relatively early in the litigation. The parties fully briefed a motion to dismiss that was struck pending settlement negotiations and engaged in informal discovery to assist with mediation negotiations.  While it is too early to know how extensive the litigation would have been in this matter, it could have been lengthy and costly.  As to the risks, although

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 7

1   Plaintiffs are confident in the strength of the case and the likelihood of success at

2   each stage, the outcome is nonetheless uncertain.  ECF No. 48 at 10, ¶ 13.

3   Continued litigation would be complex and likely expensive, particularly in light

4   of the technical discovery and expert testimony required to establish damages for

5   each Settlement Class Member.  *Id.*

6           *2.  Effectiveness of proposed method of distributing relief to the class*

7           The Court notes the scope of the class has not narrowed since the Court

8   entered its Preliminary Approval of Class Settlement.  The Settlement

9   Administrator delivered Notice without return to 25,337 current and former Banner

10  Bank accountholders qualifying as Settlement Class Members and none have

11  objected or opted-out.  ECF No. 47 at 2, 5.

12          The Settlement provides a relatively straightforward process for distributing

13  the Settlement Fund to Class Members.  Under the terms of the Settlement,

14  Defendant will deposit $1,00,000 into the Settlement Fund.  ECF No. 36-1 at 6, ¶

15  1(x).  Rather than requiring Class Members to submit claims as a condition of

16  recovery, Defendant will deposit payments into the checking accounts of current

17  Banner Bank accountholders and the Settlement Administrator will mail checks to

18  former Banner Bank accountholders at the addresses provided in the Notice.  *Id.* at

19  9, ¶ 8(d)(v).  Payments will be made to individual Settlement Class Members no

20  later than 20 business days after the Effective Date as set forth in the Settlement

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 8

1  Agreement and Settlement Class Members who are not current Banner Bank
2  accountholders will thereafter have 180 days to negotiate the check.  *Id.*

3      According to the terms of the Settlement, any remaining funds will be
4  provided to a *cy pres* recipient.  ECF No. 36-1 at 9, ¶ 8(e).  As discussed *infra*, the
5  proposed *cy pres* recipient is subject to the Court's approval.  The Court
6  determines that the proposed method of distribution should equitably and
7  effectively distribute relief to the Class, subject to the forthcoming determination
8  for distribution of the remaining Settlement Fund, if any.

9          *3.  Terms of proposed award of attorneys' fees*

10     Class Counsel seeks $300,00 for attorneys' fees and $8,529.74 for costs.
11  ECF No. 45 at 2.  As discussed more fully *infra*, the award amount is slightly
12  higher than the Ninth Circuit's 25% benchmark for common fund cases at 30% of
13  the Settlement Fund and 27.9% of the Settlement value.  *Id*. at 8-9.  Additionally,
14  Class Counsel is seeking a lodestar cross-check, with a negative multiplier of 0.8,
15  which is well below the Ninth Circuit's 4x benchmark.  *Id*. at 21-24.  Finally, the
16  Class Representatives, Ms. Gonzalez and Ms. Deloney, are requesting $5,000 each
17  out of the Settlement Fund for their time, effort, and risk in connection with this
18  case.  *Id*. at 25.  All fees, apart from the costs of Notice and Administration that
19  Defendant agreed to separately pay, are to be paid from the Settlement Fund.  ECF
20  No. 36-1 at 8-9, ¶ 8.  No class member objected to the proposed award amounts.

1 ECF No. 47 at 5.  Accordingly, the Court finds the award amounts fair and

2 reasonable.

3        *4.  Any agreement required to be identified under Rule 23(e)(3)*

4        The Court has not been advised of any side agreements made in connection

5 with the proposed settlement pursuant to Rule 23(e)(3).  Thus, there is nothing for

6 the Court to consider.

7        **D.  The Settlement Agreement Treats Class Members Equitably**

8        The Court finds the apportionment among class members appropriately

9 accounts for the need for proportional distribution in this case.  Here, the

10 Settlement Fund will be distributed pro rata among the Class Members.  Because

11 the Retry NSF/OverDraft fees varied in occurrence for each Class Member, the pro

12 rata distribution ensures Class Members who incurred more damages will receive a

13 proportionally greater share of the Settlement Fund.  ECF No. 47 at 10.  Moreover,

14 no class members objected to the pro rata distribution of the Settlement Fund.  The

15 Court finds the Settlement Agreement treats Class Members equitably.

16        In sum, the Court determines that the proposed Settlement is fair,

17 reasonable, and adequate.  Class Counsel and the Class Representatives have

18 sufficiently represented the Class, the Settlement Agreement was negotiated at

19 arm's length, the relief provided to the Class is adequate, and the Settlement

20 Agreement treats Class Members equitably relative to each other and their claims.

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 10

1

## II.    Motion for Attorneys' Fees and Service Awards

2      Plaintiffs seeks final approval of an award of $300,000 for Class Counsel

3  attorneys' fees, $8,529.75 for costs, and $5,000 service awards for the Class

4  Representatives, Ms. Gonzalez and Ms. Deloney.  ECF No. 45 at 2.  The requested

5  attorneys' fees represent 30% of the gross settlement fund and 27.9% of the

6  settlement value.  *Id*. at 9.

7      Federal Rule of Civil Procedure 54(d)(2) specifies that requests for

8  attorney's fees and costs shall be made by motion "unless the substantive law

9  requires those fees to be proved at trial as an element of damages," but the rule

10  does not itself authorize the awarding of fees.  Fed. R. Civ. P. 54(d)(2).  Federal

11  Rule of Civil Procedure 23(h) provides that, "[i]n a certified class action, the court

12  may award reasonable attorney's fees and nontaxable costs that are authorized by

13  law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  "While attorneys' fees

14  and costs may be awarded in a certified class action where so authorized by law or

15  the parties' agreement, courts have an independent obligation to ensure that the

16  award, like the settlement itself, is reasonable, even if the parties already agreed to

17  an amount."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th

18  Cir. 2011) (citation omitted).  An attorney is entitled to "recover as part of the

19  award of attorney's fees those out-of-pocket expenses that would normally be

20

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 11

1   charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir.

2   1994) (quotation and citation omitted).

3   **A.   Attorneys' Fees**

4          "Where a settlement produces a common fund for the benefit of the entire

5   class," as in this case, district courts have discretion to employ either the lodestar

6   method or the percentage-of-the-fund method to determine the reasonableness of

7   an award of attorneys' fees. *In re Bluetooth Headset*, 654 F.3d at 942; *Vizcaino v.*

8   *Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). However, in diversity

9   actions such as this one, the Ninth Circuit applies state law to determine the right

10  to fees and the method for calculating them. *Mangold v. California Pub. Utilities*

11  *Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Under Washington law, the

12  percentage-of-the-fund method is used to calculate class action attorneys' fees in

13  common fund cases. *Vizcaino*, 290 F.3d at 1047; *Bowles v. Dep't of Ret. Sys.*, 121

14  Wash. 2d 52, 72 (1993) (holding that in common fund cases, "the size of the

15  recovery constitutes a suitable measure of the attorneys' performance."). Because

16  Class Counsel's efforts created a $1,000,000 common fund for the benefit of the

17  Class, the Court finds that the percentage method is appropriate in this case.

18         The Ninth Circuit has established 25% of the settlement fund as the

19  "benchmark" award for reasonable attorneys' fees in common fund cases.

20  *Vizcaino*, 290 F.3d at 1047; *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376

(9th Cir. 1993) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). However, the 25% benchmark rate is only the "starting point for analysis." *Vizcaino*, 290 F.3d at 1048. "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Id*. Specifically, in arriving at a particular percentage, courts must consider not only the size of the fund, but also:

> the extent to which class counsel achieved exceptional results for the class, whether the case was risky for class counsel, whether counsel's performance generated benefits beyond the cash settlement fund, the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case . . . , and whether the case was handled on a contingency basis.

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1048–50) (quotations omitted).

Here, Class Counsel seek 30% of the non-reversionary common fund generated for the benefit of the Class, which is slightly higher than the benchmark fee award. ECF No. 45 at 9. After reviewing the record and surrounding circumstances, the Court determines that Class Counsels' percentage of recovery fee request is reasonable.

### 1. Results Achieved and Risk of Litigation

Class Counsel pursued this case on a contingency basis, running the risk of not receiving payment for substantial time and money invested into the case. ECF

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 13

No. 45 at 19.  In light of this risk, Class Counsel nonetheless achieved a good result for the Class.  In a common fund case, "the size of the recovery constitutes a suitable measure of the attorneys' performance."  *Bowles*, 121 Wash. 2d at 72. The Settlement Agreement requires that Defendant pay $1,000,000 into the non-reversionary Settlement Fund to compensate Class Members and Class Counsel. The size of the award is a good result for the Class Members in light of the risk and delay of class recovery that would been necessitated by further litigation. Moreover, the Settlement Fund is not diluted by the costs of notice and administration as Defendant is separately paying those costs.  ECF No. 45 at 10. Finally, the Settlement Agreement also required Defendant to modify its charging disclosures which is a non-monetary benefit to accountholder Class Members going forward.  ECF No. 45 at 13.  The Court finds Class Counsel's achievement of monetary and non-monetary results for the Class in light of the obstacles and risks of litigation weighs in favor of granting the requested fee.

### 2.    *Counsel's Performance and Burdens*

Class Counsel litigated this case with skill and performed quality work, as reflected in the results obtained.  Class Counsel has demonstrated their diligence in this action and their experience in litigating class action cases.  Notably, this case required Class Counsel to address complex and unsettled issues of law regarding bank fees, and for Class Counsel to identify the alleged wrongdoing in the first

1   place.  ECF No. 45 at 15-17.  The Court finds Class Counsel's performance weighs

2   in favor of granting the requested fee.

3          3.    *Market Rate*

4          The Ninth Circuit has rejected the requirement that a court should determine

5   a reasonable fee by attempting to replicate the market rate.  *Vizcaino*, 290 F.3d at

6   1049.  "[I]n most cases it may be more appropriate to examine lawyers' reasonable

7   expectations, which are based on the circumstances of the case and the range of fee

8   awards out of common funds of comparable size."  *Id.* at 1050.  Here, Class

9   Counsel's request is slightly above Ninth Circuit's 25% benchmark, but below

10  other awards exceeding 30% for similar financial services class action settlements.

11  *See* ECF No. 45 at 20-21 (collecting cases).  The Court finds this factor weighs in

12  favor of granting the requested fee.

13  **B.  Lodestar Cross-Check**

14         District courts often use the lodestar method as a cross-check on the

15  reasonableness of the percentage award.  *Vizcaino*, 290 F.3d at 1050.  The lodestar

16  method involves multiplying the number of hours reasonably expended on the

17  claim or motion by a reasonable hourly rate.  *Camacho v. Bridgeport Fin., Inc*.,

18  523 F.3d 973, 978 (9th Cir. 2008); *Scott Fetzer Co. v. Weeks*, 122 Wash. 2d 141,

19  149–50 (1993).  The calculation of reasonable hours and hourly rate is entrusted to

20  the discretion of the court applying the principles set forth in *Hensley v. Eckerhart*,

1  in light of the court's first-hand contact with the litigation and attorneys involved.

2  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

3          1.    *Hours Expended*

4          When determining the reasonableness of the hours expended, a court should

5  not consider hours that are "excessive, redundant, or otherwise unnecessary."

6  *Hensley*, 461 U.S. at 434.  Here, Class Counsel spent 536.45 hours litigating this

7  matter, which results in a lodestar amount of $371,364.80.  ECF No. 46 at 16, ¶ 20.

8  Class Counsel provided the Court with detailed billing records, which show the

9  work performed by each law firm, attorney, paralegal, and law clerk included in

10  Class Counsel's lodestar calculation.  *See id.* at 11-16, ¶¶ 17-19.  Having reviewed

11  the billing records and considering the stage of the litigation, the Court finds

12  nothing to suggest any of the hours claimed should be disallowed.

13          2.    *Hourly Rate*

14          When determining the reasonableness of an attorney's proposed hourly rate,

15  the court looks to hourly rates prevailing in the relevant legal community for

16  similar work performed by attorneys of comparable skill, experience, and

17  reputation.  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (citation

18  omitted).  A reasonable hourly rate should account for factors such as the

19  attorney's customary hourly billing rate, the level of skill required by the litigation,

20  the time limitations imposed on the litigation, the amount of potential recovery, the

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 16

1    attorney's reputation, and the undesirability of the case. *Bowers v. Transamerica*

2    *Title Ins. Co.*, 100 Wash. 2d 581, 597 (1983).

3        Here, the hourly rates charged by the Class Counsel range from a low of

4    $190 for a paralegal to the high end of $1,150 for a partner. ECF No. 46 at 15, ¶

5    23, at 8, ¶ 18. Class Counsel are with law firms located in Seattle, Los Angeles,

6    and Washington, D.C. The Court, based on its independent review as well as

7    review of the supporting documents, finds the rates billed by Class Counsel are

8    commensurate with the prevailing rates for similar representation in the relevant

9    market. *See Ingram*, 647 F.3d at 928 (holding that a district court may rely on its

10   own knowledge and experience when determining a reasonable hourly rate for the

11   services performed).

12       The declarations and other materials filed by Class Counsel show that their

13   fees for work done on this case, if charged at current hourly rates, would come to

14   $371,364.0. ECF No. 46 at 16, ¶ 20. Class Counsel are only seeking $300,000,

15   resulting in a negative lodestar multiplier of .8. ECF No. 46 at 17, ¶ 22. In

16   common fund cases, multipliers ranging from one to four are frequently awarded.

17   *Vizcaino*, 290 F.3d at 1051 n.6 (describing range of multipliers in common fund

18   cases). Because the lodestar multiplier is below the range of what the Ninth

19   Circuit considers appropriate, the Court finds the requested fee more than

20   reasonable in this case.

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 17

### C.  Litigation Costs

Class Counsel requests an award of costs in the amount of $8,529.74.  ECF No. 45 at 25.  The itemized list of expenses supports the conclusion that the expenses were reasonably incurred in the prosecution of this litigation and were reasonably necessary.  *See* ECF No. 46 at 17, ¶ 23.  The costs incurred largely relate to the mediator's compensation, filing fees, and legal research.  *See id*.  The Court finds the request for costs is reasonable and reflects necessary expenditures to obtain a favorable settlement.

## III.  Class Representative Service Award

The Court finds that the amount for the Class Representatives' service awards are reasonable.  "Incentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class action cases." *Online DVD-Rental*, 779 F.3d at 943.  Incentive awards are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives.  *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013).  In assessing the reasonableness of an incentive award, courts look to the number of plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment.  *Online DVD-Rental*, 779 F.3d at 947.

1    Here, Ms. Gonzalez and Ms. Deloney are the two Class Representatives.

2  The requested award for $5,000 to each Class Representative ($10,000 total) is 1%

3  of the Settlement Fund.  Although the incentive payment is noticeably greater than

4  the award for all unnamed Class Members, Ms. Gonzalez and Ms. Deloney put

5  time and effort into this case, putting theirs names and reputations on the line.

6  ECF No. 45 at 25.  Class Counsel state the Class Representatives' efforts

7  throughout the litigation were essential in securing a Settlement.  *Id.*  The Court

8  concludes that the requested incentive award of $5,000 to each Class

9  Representative is reasonable.

### I.    *Cy Pres* Distribution

11    The Settlement Agreement provides that any funds remaining after the

12  Settlement Fund is distributed to Class Members, any remaining funds will be

13  provided to a *cy pres* recipient to be agreed upon by the parties.  ECF No. 36-1 at

14  9, ¶ 8(e).  At oral argument, the parties indicated they will come to an agreement

15  on a proposed *cy pres* recipient after the Settlement Fund is distributed to Class

16  Members.  The parties are directed to promptly file a motion for approval of the

17  parties' proposed *cy pres* recipient following the expiration of the time for Class

18  Members to negotiate their checks (180 days following receipt).  If the Court finds

19  the proposed *cy pres* recipient inappropriate, the Court will consider alternatives

20  for the distribution of unclaimed damages under the guiding standards set forth in

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 19

*Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and for Representative Plaintiff Service Award (ECF No. 45) is **GRANTED**.

2. The Court approves the payment of $300,000 out of the Settlement Fund in attorneys' fees to Class Counsel as fair and reasonable. The Court approves the payment of $8,529.74 out of the Settlement Fund to Class Counsel as reimbursement for litigation costs. The attorneys' fees and costs shall be paid from the Settlement Fund in accordance with the terms of the Settlement.

3. The Court approves the Service Award of $5,000 to Erricka Gonzalez and approves the Service Award of $5,000 to Deanna Deloney as Class Representatives. The Service Awards shall be paid from the Settlement Fund in accordance with the terms of the Settlement.

4. Plaintiffs' Unopposed Joint Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class (ECF No. 47) is **GRANTED**.

5. Under Federal Rule of Civil Procedure 23(a) and (b)(3), the Court finds the following Settlement Class is properly certified for settlement purposes only:

    a. Customers of Defendant who were charged Retry NSF/Overdraft Fees during the Class Period.

    b. "Class Period" shall mean (a) for Washington and Oregon citizens, the time period from August 28, 2014 and April 30, 2021, and (b) for California and Idaho citizens, from August 28, 2016 to April 30, 2021.

6. The Court grants Final Approval to the appointment of Plaintiffs Erricka Gonzalez and Deanna Deloney as Settlement Class Representatives. The Court concludes the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

7. Pursuant to Rule 23(g), the Court grants Final Approval to the appointment of The Kick Law Firm, KalielGold PLLC, Cohen & Malad, and Tousley Brain Stephens PLLC as Class Counsel. The Court concludes Class Counsel have fairly and adequately represented the Settlement Class and will continue to do so.

8. The Court finds that Notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order (ECF No. 38), was

reasonably calculated to provide actual notice to the Class Members, and satisfies due process and other applicable law.  The Court finds Defendant Banner Bank has fully complied with the Notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

9. The terms set forth in the Settlement Agreement are approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims.  The relief provided to the Settlement Class under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and as a whole.

10. The Parties shall effectuate the Settlement Agreement in accordance with its terms.

11. No class members provided objections or opted-out, timely or otherwise. All persons and entities are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.  All members of the Settlement Class are bound by this Final Approval Order and Judgment.

12. Defendant shall pay the costs of notice and administration of the Settlement, including the Settlement Administrator fees.

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 22

13. Pursuant to the Settlement Agreement, after paying the attorneys' fees, costs, and service awards, the Settlement Administrator shall mail checks to Settlement Class Members who are former Banner Bank accountholders to the address provided in the Notice no later than 20 business days after the Effective Date.  Defendant shall deposit payments into the checking accounts of current Banner Bank accountholders no later than 20 business days after the Effective Date.  Settlement Class Members shall have 180 days to negotiate the check.

14. The parties' proposed plan for distribution of settlement proceeds is hereby approved.  As set forth in the Settlement, each member of the Settlement Class shall be entitled to receive their pro rata share of the remaining Settlement Fund based on the remaining net fund, total instances of Retry NSF/Overdraft Fees, and Number of Retry NSF/Overdraft Fees per Settlement Class Member.  *See* ECF No. 36-1 at 9, ¶ 8(d)(iv).  The Court orders the Parties to comply with and carry out all terms and provisions of the Settlement, to the extent that the terms do not contradict or conflict with this Order and Judgment, in which case the provisions of this Order and Judgment shall take precedence and supersede the Settlement.

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 23

15. The remaining funds, if any, are to be distributed as determined by the Court based on the Parties' proposed *cy pres* recipient. Following the time for Class Members to negotiate their pro rata share, the Parties are directed to promptly notify the Court whether any funds remain out of the Settlement Fund and if so, file a motion for approval of the proposed *cy pres* recipient.

16. Following the full and final distribution of the remaining Settlement Fund, the Settlement Administrator shall file with the Court a declaration attesting to its compliance with the provisions of this Order and a final accounting for the distribution of the Settlement Fund.

17. All Settlement Class Members are bound by the terms of the Settlement Agreement.  The Class Representatives and all Settlement Class Members acknowledge full satisfaction of, and fully, finally, irrevocably, and forever release, settle and discharge the Released Parties of and from all Settled Claims, as set forth in the Settlement.  The release herein stated applies to claims that are presently unknown to the Class Representatives or any Settlement Class Member.  The Class Representatives and each Settlement Class Member agree not to sue and to be forever barred from suing any Released Party on any of the Settled Claims.

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 24

18. The Settlement and this Order and Judgment and all acts, statements, documents, and proceedings relating to the Settlement, shall not be construed as, used as, or deemed to be evidence of an admission by or against Banner Bank of any claim fact alleged in the action, fault, wrongdoing, violation of law, or liability of any kind on the part of Banner Bank or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action.

19. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, or that Class Representatives, any Settlement Class Member, or any other person has suffered any damage; provided, however, that nothing in the foregoing, Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement Agreement), or to defend against the assertion

of any Released Claims in any other proceeding, or as otherwise required by law.

20. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

21. Within the time period set forth in the Settlement, the relief provided shall be made available to the Settlement Class Members under the terms and conditions of the Settlement.

22. Nothing in the Settlement or this Order purports to extinguish or waive Defendant's rights to continue to oppose the merits of the claims in this action or class treatment of these claims in this case if the settlement fails to become final or effective, or in any other case without limitation. The Settlement is not an admission by Defendant, nor is this Order and Judgment a finding of the validity of any allegations against Defendant or any wrongdoing by Defendant.

23. The entry of this Order and Judgment of dismissal is without prejudice to the rights of the parties to enforce the terms of the Settlement. Without affecting the finality of this Order in any way, the Court retains jurisdiction over the claims against Defendant for purposes of resolving any disputes that may arise under the Settlement.

24. The Clerk of Court shall enter Judgment dismissing this action with prejudice, binding each Class Member to the terms of the Settlement Agreement and Release and reserving jurisdiction in this Court over the implementation of the Settlement Agreement and Release, including enforcement and administration of that Agreement and for the approval of the cy pres recipient.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED February 11, 2022.



                    THOMAS O. RICE
                 United States District Judge

ORDER APPROVING FINAL CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES AND SERVICE AWARDS ~ 27